782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HARRY T. ROEBUCK, Plaintiff-Appellant,
v.
YELLOW FREIGHT SYSTEM, INC., an Indiana corporation,
Defendant-Appellee.
 83-1621
 United States Court of Appeals, Sixth Circuit.
 12/10/85
 
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges; and HIGGINS, District Judge*.
 PER CURIAM.
 
 
 1
 In this age discrimination action brought under Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws Ann. Sec. 37.2101 et seq., plaintiff Harry T. Roebuck appeals the directed verdict in favor of defendant Yellow Freight System, Inc. ('Yellow Freight') granted at the close of plaintiff's evidence. The action was originally brought in state court, but was removed to federal court pursuant to diversity jurisdiction. Because we believe the district court applied incorrect standards in assessing plaintiff's evidence and because we find plaintiff's evidence sufficient under correct standards to go to the jury, we reverse.
 
 I.
 
 2
 Considering the facts in the light most favorable to plaintiff, and without weighing the credibility of the witnesses, Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 579 (6th Cir. 1979), plaintiff's evidence showed the following. On October 2, 1978, Yellow Freight terminated plaintiff's employment, at age 58, after some seven years' service as a sales representative. Plaintiff's position was eventually filled by a younger individual. Plaintiff testified that during his tenure, Yellow Freight did not express any major dissatisfaction with his performance and that he received regular salary increases. Plaintiff presented evidence inferring past discrimination by Yellow Freight as reflected by age biased statements in another individual's evaluation and a decrease over time in the average age of Yellow Freight's sales force.
 
 
 3
 In attempting to demonstrate his qualifications, plaintiff presented the jury with an analysis of his revenue production that showed a consistent increase over time. Evidence was presented that meeting revenue goals and increasing revenues was defendant's measure of its salesmen's performances. Plaintiff also testified that he met his sales quotas and won sales leads contests during his last year of employment.
 
 
 4
 Through cross-examination, Yellow Freight brought out that plaintiff received below-average evaluations and attempted to establish that these evaluations were the true measure of its employees' competence.
 
 
 5
 In granting defendant's motion for a directed verdict, the trial court ruled that plaintiff had not established 'a prima facie case.' In reaching this conclusion, the district court first held that, in the absence of controlling authority by the Michigan Supreme Court, it would not apply the standards and shifting burdens of production set forth in McDonnell-Douglas v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), and its progeny.[1] Instead, the court applied the 'classical' prima facie approach used in Bouwman v. Chrysler Corp., 114 Mich. App. 670, 319 N.W.2d 621 (1982); i.e., that plaintiff must prove (1) that he had skills, experience, background, or qualifications comparable to other employees who were not laid off, and (2) that age was a determining factor in plaintiff's being laid off.
 
 
 6
 The district court then determined that plaintiff had failed to meet the Bouwman standards in large part by relying on the evaluations, which showed that 'the qualifications of the plaintiff did not reach the level of the other sales representatives.' The court rejected plaintiff's assertion that revenue production was the critical factor in determining performance.
 
 II.
 
 7
 On appeal plaintiff argues that the district court erred in applying the Bouwman standards. Plaintiff argues that the standards employed by the court in essence required him to prove pretext before defendant even offered a legitimate nondiscriminatory reason for its decision. Plaintiff further argues that Bouwman is not controlling because there the court merely adopted the standard urged by the parties and, moreover, Bouwman involved a reduction in force situation where, unlike the instant case, the relative qualifications of employees are relevant. We find these arguments persuasive.
 
 
 8
 In concluding that plaintiff failed to establish a prima facie case, the district court was clearly swayed by its view that the evidence conclusively demonstrated that plaintiff was not as qualified as defendant's other sales representatives. We agree with plaintiff that relative qualifications are more appropriately applicable to the reduction in force situation where a plaintiff contends that he was laid off where others were not due to a discriminatory motive of the employer. We also agree with plaintiff that this distinguishes Bouwman. In the instant case, involving an isolated discharge rather than a reduction in force, plaintiff initially need only show that he was qualified for the position. If plaintiff can demonstrate his qualification, then a foundation for an inference of impermissible motivation by the employer has been laid. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253-54, 101 S. Ct. 1089, 1094 (1981). By demonstrating his qualification for the job, plaintiff 'eliminates the most common nondiscriminatory reasons' for his discharge. Id.
 
 
 9
 Under this standard, viewing the facts in the light most favorable to plaintiff, we conclude that the motion for a directed verdict was erroneously granted. It has been observed that the fact of employment itself is sufficient to raise an inference of qualification. See, e.g., Pace v. Southern Railway, 701 F.2d 1383, 1386 n.7 (11th Cir.), cert. denied, 104 S. Ct. 549 (1983). In addition, in the instant case plaintiff testified to regular salary increases and an absence of any indications by defendant of any dissatisfaction with his performance during his seven-year tenure. We believe these facts are sufficient to present a jury question as to plaintiff's qualifications.
 
 
 10
 We further are of the opinion that the trial court erred in taking from the jury the resolution of whether defendant's true measure of competence was through evaluations or revenue production. Plaintiff presented evidence that defendant judged the competence of its sales representatives through their performance in terms of revenue production, 'the bottom line.' On the other hand, defendant elicited testimony that the more subjective evaluations were its true measure of employee competence. This creates a classic dispute for resolution by the fact finder. See Rose v. National Cash Register Corp., 703 F.2d 225, 228 (6th Cir.), cert. denied, 104 S. Ct. 352 (1983).
 
 
 11
 Finally, we believe some comment on the applicability of the McDonnell-Douglas standards is appropriate. Although the Michigan courts have not spoken on this issue in terms of age discrimination claims under the Elliott-Larsen Act, we think it likely that the Michigan courts will follow the federal approach. See Farmington Education Association v. Farmington School District, 133 Mich. App. 566, 351 N.W.2d 242, 245-46 n.3, and accompanying text (1984).
 
 
 12
 The federal courts have followed a flexible approach which neither requires nor prohibits the use of the McDonnell-Douglas standards in age discrimination cases. See, e.g., Blackwell v. Sun Electric Corporation, 696 F.2d 1176, 1179 (6th Cir. 1983); Davis v. Combustion Engineering, Inc., 742 F.2d 916, 920-21 (6th Cir. 1984). In our view, this is a matter best left to the trial judge in the first instance who must conduct the trial. At this point we would only instruct the district court that it is not foreclosed from applying that standard.
 
 
 13
 It is important to bear in mind that plaintiff always bears the burden of proving, by a preponderance of the evidence, that age was a determining factor in defendant's decision. See Blackwell, supra, 696 F.2d at 1180. Applying that ultimate standard to the present case, we believe that plaintiff has presented sufficient evidence to go to the jury. Pursuant to McDonnell-Douglas, plaintiff has shown that (1) he was within the protected class, (2) he was discharged, and (3) he was replaced by a younger individual. As stated supra, plaintiff has presented a jury question that he was qualified for the job. If the jury credits this evidence in plaintiff's favor, an inference of discrimination is created.
 
 
 14
 Beyond the McDonnell-Douglas 'prima facie' standards, plaintiff also presented evidence of past age discrimination by defendant as reflected by age biased statements in another individual's evaluation and a decrease over time in the average age of defendant's sales force. If believed, these facts would provide further support for a jury verdict in favor of plaintiff.
 
 III.
 
 15
 Accordingly, the decision of the district court is REVERSED, and this case is REMANDED for further proceeding consistent with this opinion. We intimate no view as to the merits of plaintiff's claim.
 
 
 
 *
 The Honorable Thomas A. Higgins, Judge, United States District Court for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 As applied in the age discrimination context, the McDonnell-Douglas requirements for establishing a prima facie case require the former employee to demonstrate that: (1) he is a member of the protected class, (2) he was discharged, (3) he was qualified for the position, and (4) he was replaced by a younger person. Blackwell v. Sun Electric Corp., 696 F.2d 1176, 1180 n.4 (6th Cir. 1983)